UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEROLENE ETHEL KAY COOPER-McCLINTOCK, JAY S. COOPER, JON ALLEN COOPER, SARITA KAY COOPER-COVARRUBIAS, SERGIO ALBERTO COOPER, and JOSEPH B. COOPER, on behalf of Don Arch Cooper (Deceased)<br>　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>　　Defendant. | §§§§§§§§§§§§§§§§§　　Civil Action No. 3:11-CV-1412-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States' Motion to Transfer Venue to the Western District of Louisiana under 28 U.S.C. § 1404(a) ("§ 1404(a)"). The Court **GRANTS** the Motion for the reasons explained below.

### I.

### FACTUAL BACKGROUND[1]

Defendant United States operates a Veterans Affairs ("VA") Medical Center in Pineville, Louisiana at which Plaintiff Don Arch Cooper (deceased) ("Cooper") received care preceding and at the time of his death. Pet. 3. Plaintiffs, Jerolene Ethel Jay Cooper-McClintock, Jay S. Cooper, Jon Allan Cooper, Sarita Kay Cooper-Cavarrubias, Sergio Alberto Cooper, and Joseph B. Cooper ("Plaintiffs") principally allege the VA Medical Center repeatedly denied Cooper's requests for

---

[1] The background facts are derived from Plaintiff's Original Petition ("Pet.").

1

nourishment and improperly relied on an order not to resuscitate (the DNR) in spite of Cooper's competence to make his own health decisions and without applying due care in reaching next of kin eligible to participate in such decisions. Pet. 3-9. Plaintiffs contend these acts and omissions of the government staff at the VA Medical Center resulted in Cooper's suffering, injury and ultimate death. Pet. 13. Plaintiffs bring their wrongful death action under the Federal Tort Claim Act against the United States and request recovery of $6,000,000.00 from Defendant as compensation for mental anguish or, in the alternative, compensation for pecuniary injuries resulting from Cooper's death.

Plaintiffs filed this suit in the Northern District of the State of Texas on June 27, 2001. Pet. 1. On August 29, 2011, Defendant United States filed a Motion to Transfer Venue (the "Motion") (doc. 6) to the Western District of Louisiana, where the VA Medical Center is located and Cooper's death occurred. Plaintiffs filed a response to the motion on September 19, 2011 (the "Response") (doc. 10). Defendant United States filed a reply brief on October 3, 2011 (the "Reply") (doc. 12).

Defendant's Motion to Transfer Venue is ripe for review and determination.

## II.

## LEGAL STANDARDS

Even where a court has personal jurisdiction over a defendant, and venue is proper, it may nevertheless transfer a case to another district or division where the case could have been brought if transfer would be convenient for the parties and in the interests of justice. 28 U.S.C. § 1404(a) (2010). The purpose of this rule is to "protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). District courts have "broad discretion" in deciding whether to transfer a case under § 1404(a). *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (other citations omitted). Nonetheless, before the Court may

consider a transfer of venue, the defendant must show that the plaintiff initially could have brought the action in the transferee court. 376 U.S. at 618. Venue is proper in any judicial district in which a substantial part of the events or omissions occurred. *See* 28 U.S.C. § 1391(e)(2) (2010).

The party seeking transfer bears the burden of proving that the case should be transferred to an alternate forum and that the alternate forum is clearly more convenient. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) The plaintiff's choice of forum should generally not be disturbed unless the balance of factors strongly favors the moving party. *Id.* at 315. However, the plaintiff's choice of forum is accorded somewhat less deference where plaintiff does not reside in the state and less still where the acts or omissions did not occur in the selected forum. *See, e.g., Miller v. Kevin Gross Marine*, 2006 WL 1061919 (S.D. Tex. Apr. 20, 2006). The overall burden on the defendant is to show "good cause" for the transfer by satisfying the statutory requirements and "clearly demonstrat[ing] that a transfer is for the convenience of parties and witnesses, in the interest of justice" *In re Volkswagen of America, Inc.*, 545 F.3d at 315. If, applying the private and public interest factors, the Court finds the transferee venue is clearly more convenient, the Court will grant the transfer. *Id.*

In deciding whether a transfer of venue is clearly more convenient, the Court must consider both private and public interest factors. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Volkswagen*, 545 F.3d at 315. The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id*. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided

at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*

## III.

## ANALYSIS

Defendant United States seeks to transfer venue to the Western District of Louisiana. As set forth above, Defendant bears the burden or proving the case could originally have been brought in the transferee district and that the balance of private and public interest factors, accounting for some deference to the plaintiffs' choice of forum, clearly favors transfer. The plaintiff's original complaint clearly articulates the events surrounding Cooper's death as occurring at the VA Medical Center in Pineville, Louisiana. Therefore, the action could initially have been brought in the Western District of Louisiana. The Court proceeds to consider the weight of the Plaintiffs' choice of venue.

A.   *Plaintiffs' Choice of Venue*

Plaintiffs' Response gives significant weight to the heavy burden on a defendant to overcome Plaintiffs' choice of venue.[2] However, Plaintiffs fail to distinguish the heavier weight of a plaintiff's choice in a motion to dismiss under the doctrine of *forum non conveniens* from the weight accorded in a motion to transfer venue under Section 1404(a), as is before the Court. Choice of venue is only of the factors that is necessary for a proper Section 1404(a) analysis. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003)(concluding that the lower court erred in giving "decisive weight" to the plaintiff's choice of forum).

Only one of the six named Plaintiffs in this case resides in the forum with another residing

---

[2] Plaintiff has referenced "choice of forum." However, a transfer between federal courts is a transfer between venues. *In re Volkswagen of America,* 545 F.3d 304, 308 (5th Cir. 2008).

nearby enough to make it substantially more convenient for him. Three of the plaintiffs live within one hundred miles of being equidistant to the Western District of Louisiana and the Northern District of Texas. The remaining plaintiff is a significant distance from either forum. Further, none of the alleged acts or omissions occurred in the Northern District of Texas. While the Court nonetheless gives due consideration to plaintiffs' choice of forum as a factor in the balancing, it is not heavily weighted in favor of retaining the forum under these facts. The Court turns now to the remaining *In re Volkswagen AG* public and private interest factors.

B.   *Private Interest Factors*

The first private interest factor is the ease with which the parties will be able to access sources of proof. The United States asserts that all key witnesses including physicians, nurses and other personnel are located at the VA Medical Center in Pineville, Lousiana. Mot. 4. Plaintiffs respond that 1) the medical records are the best evidence and 2) personal attendance of witnesses may not be required and, even if they are required, effect on them is likely minimal. Resp. 2. The Court agrees with Plaintiffs that the records are more easily transferrable than the witnesses, but notes that location and access to sources of proof is nonetheless relevant to the balancing of factors. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000) (giving "only slight significance" to the accessibility of documents due to technological advances). *But see In re Volkswagen of America, Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (stating that accessibility to sources of proof is not superfluous to a court's analysis). Plaintiffs offer no evidence to support their assertion that witnesses who live in Louisiana will be only minimally inconvenienced by travel to Texas. This factor therefore weighs in Defendant's favor.

The Court next considers the availability of the compulsory process to secure the attendance

of witnesses and the cost of attendance for willing witnesses. This and other courts in this district have previously considered this factor neutral where, as here, neither party has alleged that non-party witnesses would be unwilling to testify. *See IBEW–NECA Sw. Health & Benefit Fund v. Duvall Elec.*, LLC, No. 3:10-CV-1079-B, 2011 WL 711005, at *4 (N.D. Tex. Feb. 28, 2011); *Verizon Employee Comm. v. Glaid*, No. 3:05-CV-1984-G, 2006 WL 3422229, *4 (N.D. Tex. Nov.28, 2006). The Court therefore considers this factor neutral under these facts.

The cost and convenience of non-party witnesses is accorded the greatest weight in the transfer analysis. *Isbell v. DM Records, Inc.*, No. 3:02-CV1408-G, 2004 WL 1243153, at *14 (N.D. Tex. June 4, 2004). The presence of non-party witnesses in the transferee forum in conjunction with the absence of non-party witnesses in the transferor forum, weighs in favor of transferring the case. *See Sargent v. Sun Trust Bank, N.A.*, No. 3:03-CV-2701, 2004 WL 1630081, at *3-4 (N.D. Tex. July 20, 2004). Defendant generally identifies key witnesses as the doctors, nurses and staff of the VA Medical Center who will have relevant and material information. Mot. 4. All parties mentioned in Plaintiffs' recitation of the facts are doctors, nurses and staff of the VA Medical Center. Pet. 3-8. Neither party mentions any non-party witness outside of the state of Louisiana. *See generally* Pet.; Mot. The Court therefore finds this factor weighs in favor of transfer.

Plaintiffs argue that the change of forum will cause them to incur costs related to travel and filing which they are not able to afford. Resp. 2. Plaintiffs further assert that the Motion is filed for the improper purpose of burdening plaintiffs' ability to bring suit. *Id.* Courts should not transfer a case when doing so would simply shift litigation costs from one party to the other, unless there is evidence that shifting expenses would serve the interests of justice. *See Verizon Employee Benefits Comm. v. Glaid*, No. 3:05-CV-1984-G, 2006 WL 3422229, at *3 (N.D. Tex. Nov. 28, 2006) (citing

*Salem Radio Representatives, Inc. v. Can Tel. Mkt. Support Group*, 114 F. Supp. 2d 553, 558 (N.D. Tex. 2000)). However, the financial inability of the plaintiff to prosecute in the transferee forum, while relevant, is not a dispositive factor in the analysis. *Davis v. Metro-Goldwyn Mayer*, No. 2:05-CV-860-T, 2007 WL 951754 (M.D. Al. Mar. 27, 2007) (stating where the "convenience of other parties and witnesses otherwise strongly favors transfer," plaintiff's finances will not "carry the day").

While transferring venue undoubtedly creates some measure of additional cost to Plaintiff, it does not simply shift the burden but rather reduces the overall cost of resolving this dispute by easing the access to non-party witnesses. Plaintiffs bring no evidence that this motion was put forward for improper purpose. This factor therefore weighs in favor of transfer.

C.   *Public Interest Factors*

The Court next considers public interest factors affecting transfer of venue. Relative docket congestion weighs slightly in favor of transfer. Records show that for the 12 month period ending June 30, 2011, the Western District of Louisiana had 2,455 cases filed with an average of 351 per judgeship whereas the Northern District of Texas had 5,808 cases filed with an average of 484 per judgeship. *See* Federal Court Management Statistics, http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2011Jun.pl (last visited Oct. 26, 2011). Second, the Court agrees with Defendant that there is no local interest in resolution as none of the alleged wrongs occurred in Texas. Reply 6. Third, while there is no significant concern in a Federal District court in Texas interpreting Louisiana law, the Western District of Louisiana is slightly better suited. There are no issues to consider with respect to conflicts of law. Thus, the Court finds that the public interest factors cumulatively weigh slightly in favor of transfer.

IV.

CONCLUSION

After considering and weighing the totality of the factors, the Court finds that the balance favors transfer to the Western District of Louisiana. The Court appreciates the gravity of Plaintiffs' choice of forum, and recognizes that some measure of financial hardship is imposed on Plaintiffs with transfer. However, the Court cannot ignore the fact that relevant physical evidence and non-party witnesses would be significantly inconvenienced if this suit were to proceed in the present forum. The Court finds the balance of factors demonstrates transfer of venue is clearly more convenient and in the interest of justice. Accordingly, the Court **GRANTS** Defendant United States' Motion to Transfer Venue.

**SO ORDERED**.

**SIGNED**: October 31, 2011.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE